UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN A. DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-267 |
| | ) | |
| POOLER POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court directed *pro se* plaintiff John Anthony Doyle to show cause why his case should not be dismissed because his allegation of poverty, in support of his request to proceed *in forma pauperis* ("IFP"), was untrue. *See* doc. 11. The deadline for him to respond has passed without any response. *See generally* docket. Since his allegation of poverty was untrue, his case is **DISMISSED** 28 U.S.C. § 1915(e)(2)(A). Alternatively, his case is **DISMISSED** for failure to obey the Court's Order and to prosecute this case. *See* Fed. R. Civ. P. 41(b).

As the Court's prior Order noted, Doyle's initial IFP motion disclosed available funds in his prisoner trust account of "-300.00," and total deposits of $100.00 in the six months prior to his filing the

1

Complaint. *See* doc. 11 at 1-2; *see also* doc. 2 at 2. Subsequent financial information indicated that his average deposits were $173.83 and that Doyle had more than $1,000.00 available in his trust account prior to filing the Complaint. *See* doc. 11 at 2; *see also* doc. 5. Given the available balance, Doyle had funds sufficient to pay the Court's filing fee. Dismissal is mandatory if the Court determines that a plaintiff, who was permitted to proceed IFP, is not indigent. *See, e.g., Pinkston v. Univ. of S. Fla. Bd. of Tr.*, 2016 WL 1238713, at *2 n. 4 (M.D. Fla. Feb. 25, 2016); *Flowers v. Life University*, 2006 WL 562192, at *1 (N.D. Ga. Mar. 7, 2006) (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305 (7th Cir. 2002)). Since Doyle has not provided any explanation or jusitification for the apparent inaccuracy of his initial allegation of poverty, the Court finds that it was untrue. His case is, therefore, **DISMISSED**.

Doyle's failure to respond to the Court's show-cause Order provides an independently sufficient ground to dismiss this case. A district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee*

*Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). Doyle's failure to respond to the show-cause Order warrants dismissal.

Accordingly, Doyle's Complaint is **DISMISSED** because his allegation of poverty was untrue and he failed to obey a court order and failed to prosecute his case. Doc. 1. The Clerk of Court is **DIRECTED** to **CLOSE** this case. The pending "Motion to Supress Evidence and Subsequent Identification Due to Illegal Detention and Search of the Defendant" is **DISMISSED** as moot. Doc. 9.

**SO ORDERED,** this 27th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA